UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SCOTT A. McNAMARA, M.D., | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) ) | |
| v. | ) ) | Civil Action No. 11-1051 (ESH) |
| CATHERINE A. PICKEN, M.D., *et al.*, | ) ) ) | |
| Defendants/Counter-Plaintiffs. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Scott McNamara, M.D., has sued Catherine A. Picken, M.D. and the Washington ENT Group PLLC ("WENT") for an accounting, conversion, breach of contract, and breach of employment contract. (*See* Amended Complaint, Jan. 29, 2013 [ECF No. 62-1].) Defendants have counterclaimed, alleging fraud, breach of fiduciary duty, promissory fraud, aiding and abetting a breach of fiduciary duty, and inducement of a breach of fiduciary duty. (*See* Answer, Affirmative Defenses, and Counterclaims to Amended Complaint, Mar. 29, 2013 [ECF No. 74].)[1] Before the Court are two pretrial motions: plaintiff/counter-defendant's motion for partial summary judgment with respect to Counterclaim Three (May 20, 2013 [ECF No. 82] ("Counter-Def.'s MSJ")) and defendants' motion for judgment on the pleadings with respect to Counts One, Two, and Four (May 20, 2013 [ECF No. 85] ("Rule 12(c) Mot.")).

## BACKGROUND

The relevant factual background was laid out in this Court's earlier opinion dismissing plaintiff's Count Three. *McNamara v. Picken*, 866 F. Supp. 2d 10, 13-14 (D.D.C. 2012). Since

---

[1] Within this document there are two separate sections, "Answer" and "Affirmative Defenses and Counterclaims," each with separately numbered paragraphs. Therefore, this Memorandum Opinion will cite to the specific section of this document (as "Answer" or "Countercl.") and the paragraph number.

1

that time, plaintiff has voluntarily dismissed Count Five, which alleged defamation (*see* Order, May 22, 2013 [ECF No. 89]), and has added Count Six, which alleges breach of contract under defendants' theory that the parties had entered into an employment relationship wherein McNamara was hired as an employee of WENT. (*See* Amended Complaint ¶¶ 59-65.)

## ANALYSIS

I.   **Plaintiff/Counter-Defendant's Motion for Partial Summary Judgment on Counterclaim Three**

A motion for summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). There is a genuine dispute as to a material fact if a "reasonable jury could return a verdict for the nonmoving party." *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1031 (D.C. Cir. 2007) (quoting *Anderson*, 477 U.S. at 248). A moving party is entitled to summary judgment if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When considering a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

In Counterclaim Three, counter-plaintiffs ("Picken") allege that counter-defendant ("McNamara") committed promissory fraud by "entering into a business arrangement with Picken and WENT without revealing to them that he [had] a preconceived and undisclosed intention of not performing any such arrangement." (*See* Countercl. ¶ 98.)

McNamara argues that Picken cannot meet her burden of proof on this claim. (Counter-Def.'s MSJ at 2.) Specifically, he argues that a necessary element of a claim for promissory

2

fraud is a lack of intent to enter into the business relationship in question. (*Id.*) He insists that "[w]hile the parties may have had different notions of what that business arrangement entailed, and when it came into existence," there is "ample evidence of his intent to enter into a business relationship with [Picken]." (*Id.* at 2-3.) Thus, he argues that "there is no genuine dispute as to the lack of the requisite state of mind on [his] part," and so summary judgment in his favor is appropriate. (*Id.* at 2 (quoting *Willis v. Cheek*, 387 A.2d 716, 719-20 (D.C. 1978)).)

However, in her opposition, Picken clarifies that Counterclaim Three is premised on McNamara's alleged agreement to enter into an *employment* relationship with Picken and WENT. (*See* Opposition to Motion for Partial Summary Judgment on Counterclaim Three, June 4, 2013 [ECF No. 99].) She claims that McNamara agreed that he and his staff would come to WENT as "employees thereof while [the parties] continued discussion on how, if at all, they might one day become co-owners of WENT." (*Id.* ¶ 3.) She further asserts that McNamara "had no intention of fulfilling his promise to work for WENT under Picken's direction" as evidenced by the fact that he "showed contumacious disregard for WENT's rules and Picken's sole control of WENT." (Counter-Plaintiffs' Rule 7(h) Statement of Disputed Facts, June 4, 2013 [ECF No. 99-1] ¶ 3.)

With this understanding of Picken's claim, it is clear that, construing the evidence in her favor, she could establish all the necessary elements of her counterclaim, including that McNamara never intended to enter into an employment relationship with Picken and WENT. Indeed, McNamara himself has consistently asserted that the parties agreed to enter into a *partnership* relationship. (*See* Amended Complaint ¶ 17 ("It was the agreement of the parties that [McNamara] and [Picken] would be partners and, as such, would share profits and losses equally."); Answer to Counterclaim to Amended Complaint, Apr. 30, 2013 [ECF No. 77] ¶ 32

("The Counter-Defendant further avers that he was not merely an 'employee' of WENT at times pertinent to this litigation.").) Thus, there is clearly a genuine dispute as to the material issue of whether the parties even agreed to enter into an employment relationship and a further genuine dispute as to whether McNamara ever fully intended to perform his obligations under any such agreement and behave as an employee.

McNamara's motion for partial summary judgment with respect to Counterclaim Three for promissory fraud will therefore be denied.

## II. Defendants' Motion for Judgment on the Pleadings with Respect to Counts One, Two, and Four

Under Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion pursuant to Rule 12(c) is appropriately granted when, at the close of the pleadings, "no material issue of fact remains to be resolved, and [the movant] is clearly entitled to judgment as a matter of law." *Montanans for Multiple Use v. Barbouletos,* 542 F. Supp. 2d 9, 13 (D.D.C. 2008) (citations omitted).

When evaluating a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), courts employ the same standard that governs a Rule 12(b)(6) motion to dismiss. *Jung v. Ass'n of Am. Med. Colls.,* 339 F. Supp. 2d 26, 35–36 (D.D.C. 2004).

A court must treat the complaint's factual allegations as true, "even if doubtful in fact," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), but it need not accept as true legal conclusions set forth in a complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Accordingly, a court must accept the plaintiff's well-pleaded factual allegations to the extent that "they plausibly give rise to an entitlement to relief," *id.* at 679, and "may thus only grant judgment on the pleadings if it appears, even accepting as true all inferences from the complaint's factual

4

allegations, that the plaintiff cannot prove any set of facts entitling him to relief." *Lans v. Adduci Mastriani & Schaumberg LLP,* 786 F. Supp. 2d 240, 265 (D.D.C. 2011).

Defendants previously moved for judgment on the pleadings with respect to Counts One, Two, and Four.  (*See* Motion for Judgment on the Pleadings, Oct. 3, 2011 [ECF No. 26] at 6-11.) Defendants argued that because plaintiff admitted that the parties had discussed executing a written partnership agreement but had never done so, plaintiff could not establish that the parties had the requisite intent to create an enforceable oral contract.  (*See id.*)  This Court denied that motion, noting that, under D.C. law, "the fact that a written agreement was contemplated is not dispositive of whether an enforceable agreement was created." *McNamara*, 866 F. Supp. 2d at 15.  Thus, this Court ruled that "plaintiff's factual allegations regarding the parties' conduct after the alleged creation of the oral agreement are sufficient to support his contention that they created a valid oral contract and, therefore, plaintiff has satisfied his burden under *Ashcroft v. Iqbal*, 129 S. Ct. 1937." *Id.*

Defendants have now moved again for judgment on the pleadings for those same three counts—Counts One, Two, and Four.  (*See* Rule 12(c) Mot.)  The only material difference between the pleadings this Court already found adequate and the pleadings currently before the Court is that plaintiff has added Count Six for breach of an employment contract.  (*See* Amended Complaint ¶¶ 59-65.)  In that count, plaintiff states that defendants claim he was hired as an employee of WENT and that he is therefore entitled to damages based on defendants' breach of the terms of that alleged employment contract.  (*See id.*)  And in fact defendants have admitted that McNamara was an employee of WENT.  (Answer ¶¶ 14, 23.)

Defendants argue that the allegations in Count Six are "judicial admissions" that there was an employment relationship between the parties rather than a partnership.  (*See* Rule 12(c)

Mot. at 12.) Thus, defendants insist that plaintiff cannot recover under any theory of liability premised upon a partnership agreement, as are Counts One, Two, and Four. (*See id.* at 13-14.)

The Court disagrees for several reasons. First, plaintiff's Count Six is plainly pled in the alternative to Counts One, Two, and Four, as permitted under Rule 8(d)(2). Fed. R. Civ. P. 8(d)(2). Under that rule, a plaintiff may plead inconsistent theories of liability, and may even argue alternative claims to a jury. *See Scott v. District of Columbia*, 101 F.3d 748, 753 (D.C. Cir. 1996). To be sure, defendants are correct that "McNamara at no time explicitly pleaded Count Six in the alternative to Counts One, Two, and Four." (Reply in Support of Motion for Judgment on the Pleadings, June 10, 2013 [ECF No. 104] at 7.) However, a plaintiff "need not use particular words to plead in the alternative as long as it can be reasonably inferred that this is what [it was] doing." *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 536-37 (S.D.N.Y. 2002) (internal quotation marks omitted) (collecting cases). Such is the case here. Plaintiff's allegation in Count Six that he was hired as an employee of WENT is preceded by the words "[a]ccording to the Defendants." (Amended Complaint ¶ 59.) That particular allegation is therefore undeniably intended to raise an alternative theory of liability where plaintiff would be entitled to recover damages even under defendants' view of their relationship. Moreover, it is entirely reasonable to infer that the remaining allegations in Count Six were similarly pled as an alternative to Counts One, Two, and Four. Bolstering this conclusion is plaintiff's recent statement in his opposition that "[a]t the conclusion of the trial, before the jury deliberates, [he] will make an election as to which theory will be presented to the jury." (Plaintiff's Opposition to Motion for Judgment on the Pleadings, June 3, 2013 [ECF No. 96] at 2.)

Second, plaintiff's allegations in Count Six are not binding "judicial admissions" that impermissibly conflict with plaintiff's other counts, as defendants suggest. To begin with, the

question of whether an employment relationship exists is a question of law, not of fact. *See U.S. ex rel. Siewick v. Jamieson Sci. & Eng'g, Inc.*, 322 F.3d 738, 740 (D.C. Cir. 2003). That question is therefore not susceptible to judicial admission, as "[i]t is well established that judicial admissions on questions of law have no legal effect." *Dabertin v. HCR Manor Care, Inc.*, 68 F. Supp. 2d 998, 1000 (N.D. Ill. 1999), *quoted in Globalaw Ltd. v. Carmon & Carmon Law Office*, 452 F. Supp. 2d 1, 34 (D.D.C. 2006); *see also U.S. ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 2007 WL 851871, at *1 (D.D.C. Mar. 14, 2007) ("A judicial admission is usually treated as absolutely binding, but such admissions go to matters of fact which, otherwise, would require evidentiary proof.") (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963)). Thus, plaintiff's allegation in paragraph 59 of his Amended Complaint is not a judicial admission that can be used against his other counts.

To be sure, the remainder of the allegations in Count Six do contain specific facts that are properly considered judicial admissions. For example, he states that he was entitled to a salary of $20,000 per month and reimbursement for business expenses. (Amended Complaint ¶¶ 60-61.) However, those facts are not necessarily inconsistent with the existence of a partnership agreement, as they do not disclaim any additional ownership interest in the business. *See Queen v. Schultz*, 888 F. Supp. 2d 145, 165 (D.D.C. 2012) ("The critical element of a partnership not present in an employment relationship is co-ownership." (internal quotation marks omitted)). Thus, they do not prevent plaintiff from simultaneously pursuing his claims for breach of a partnership agreement and an employment agreement.

Because plaintiff's Count Six simply states an alternative theory of liability from that stated in Counts One, Two, and Four, defendants' motion for judgment on the pleadings with respect to the latter counts will be denied.

## CONCLUSION

For the foregoing reasons, plaintiff/counter-defendant's Motion for Partial Summary Judgment is denied and defendants' Motion for Judgment on the Pleadings is denied. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   June 18, 2013