UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SCOTT A. McNAMARA, M.D., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Civil Action No. 11-1051 (ESH) |
| ) | |
| CATHERINE A. PICKEN, M.D., *et al.*, ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

### MEMORANDUM OPINION

Before the Court is defendants' motion for partial summary judgment with respect to Count Two (May 20, 2013 [ECF No. 83] ("Mot.")). For the reasons stated below, and based on the pretrial status conference held on June 20, 2013, defendants' motion will be granted in part and denied in part.

### BACKGROUND

The relevant factual background was laid out in this Court's earlier opinion ruling on defendants' motion for judgment on the pleadings. *McNamara v. Picken*, 866 F. Supp. 2d 10, 13-14 (D.D.C. 2012).

### ANALYSIS

Defendants seek summary judgment on Count Two, which requests an accounting and recovery for conversion. Conversion has been defined as "an unlawful exercise of ownership, dominion, and control over the personalty of another in denial or repudiation of his right to such property." *Wash. Gas Light Co. v. Public Serv. Comm'n of Dist. of Columbia*, 61 A.3d 662, 675 (D.C. 2013) (quoting *Baltimore v. District of Columbia*, 10 A.3d 1141, 1155 (D.C. 2011)).

Generally speaking, conversion applies to chattel; however, "[m]oney can be the subject of a conversion claim . . . if the plaintiff has the right to a specific identifiable fund of money." *Cannon v. Wells Fargo Bank, N.A.*, 2013 WL 764964, at *18 (D.D.C. Mar. 1, 2013) (quoting *Curaflex Health Servs., Inc. v. Bruni*, 877 F. Supp. 30, 32 (D.D.C. 1995)).

Defendants argue that plaintiff cannot establish the essential elements of his conversion claim because (a) there is no specific, identifiable fund of money which plaintiff had an immediate right to possess, and (b) "an action in conversion cannot coexist with a claim to enforce a contractual obligation to pay money." (Mot. at 3-4.) Plaintiff responds that his conversion claim is distinct from his breach of contract claims and that it is premised on specific funds to which he had an immediate right to possess. (Opposition to Motion for Partial Summary Judgment on Count Two, June 3, 2013 [ECF No. 97] ("Opp'n").)

In his opposition and at the pretrial status conference, plaintiff clarified that his conversion claim is premised on two categories of money. First, he alleges that Picken used joint partnership funds to pay debts and expenses that were previously incurred by WENT, in contradiction to the terms of the oral partnership agreement that plaintiff claims he entered into with Picken. (Amended Complaint, Jan. 29, 2013 [ECF No. 62-1] ¶¶ 32-34.) He estimates that the amount spent on such debts and expenses was approximately $30,000. And second, he alleges that defendants converted "monies earned and owed to him for work performed prior to the merger." (Opp'n at 8.)

For each of those challenged funds, the Court must determine whether plaintiff has a property interest in that money, such that an action for conversion is proper, or simply a contractual right. With respect to the first category—partnership money allegedly used for debts incurred prior to September 1, 2010—plaintiff has only a contractual right to recover those

funds. Defendants correctly compare this case to *Curaflex*, 877 F. Supp. 30. There, the defendant was contractually obligated to place monies received for services rendered by the plaintiff into a lock box. *Id.* at 32. Thus, there was a specific identifiable fund of money that plaintiff claimed he was entitled to. However, the Court found that plaintiff did not have the immediate right to possess that money because plaintiff only had access to the funds if defendant transferred them from the lock box to Curaflex's account, as it was contractually required to do. *Id.* at 35.

      Here, there was not even such a clearly identifiable fund of money. Plaintiff has not established that he personally contributed a certain amount of money to the partnership to be used for partnership activities and that Picken improperly used *those exact funds* to pay off debts previously incurred before McNamara joined the partnership. Instead, he argues only that general partnership funds—which were derived in part from services he provided—were misdirected to debts previously incurred by WENT or Picken. That is a far cry from the *Curaflex* "lock box"; such fungible cash is precisely the type of fund that may not underlie a claim for conversion. Moreover, once plaintiff contributed money or resources to the partnership it became partnership property, and he lost the immediate right to possess it. Like the plaintiff in *Curaflex*, plaintiff only had access to those funds if defendants fulfilled their contractual obligation to give plaintiff 50% of the partnership's profits. And furthermore, this claim is more properly construed as a breach of contract claim. Plaintiff's claim to the allegedly misused funds is premised on his argument that Picken violated the terms of their partnership agreement by using funds out of the WENT bank account to pay for debts incurred prior to the merger. However, it is well established that "[a] cause of action for conversion . . . may not be maintained to enforce a mere obligation to pay money." *Cannon*, 2013 WL 764964, at *18

(quoting *Curaflex*, 877 F. Supp. at 32). Thus, plaintiff may only seek recovery of that money under his claim for breach of the alleged partnership agreement (Count Four).

With respect to the second category of money, however—money earned by plaintiff for work performed prior to the merger—plaintiff has stated a claim for conversion. In his opposition, plaintiff claims that checks that were made out to him in his individual capacity for work performed prior to the merger were improperly deposited into the joint bank account. (Opp'n at 7.) At the pretrial status conference, he clarified that there is actually only one such check, amounting to $185.42. The Court agrees that that check is a readily identifiable fund of money which plaintiff, as the addressee, would have been in full possession of but for defendants' alleged conversion of those monies. *See, e.g.*, *Ficken v. AMR Corp.*, 578 F. Supp. 2d 134, 143 (D.D.C. 2008) ("Conversion and trover extend only to intangible rights identified by a tangible document that is converted; [t]hus a plaintiff may bring a suit for conversion of a promissory note, a check, a bank book, or an insurance policy . . . but not for conversion of a debt, the good will of a business or an idea." (internal quotation marks omitted)); *Tooling Mfr. & Tech. Ass'n v. Tyler*, 2010 WL 5383529, at *10 (Mich. Ct. App. Dec. 28, 2010) ("A person may sue for the conversion of identifiable money or checks that the defendant had an obligation to deliver to the plaintiff."). This case is directly analogous to *Crown Life Ins. Co. v. Smith*, 657 So. 2d 821 (Ala. 1994). There, an insurance agent forged an endorsement signature on his client's insurance refund checks and deposited those funds into his own accounts. *Id.* at 823. The Alabama Supreme Court noted that "[t]hese refund checks were specific, identifiable property that represented funds owed from [the insurance company] to the [client]. [The agent] wrongfully exercised dominion over the checks through his forgeries upon the checks and his retention of the funds; therefore, [he] converted these checks." *Id.* at 823-24. Similarly, here,

4

plaintiff alleges that defendants knowingly deposited a check into the partnership bank accounts that was made out to him in his individual capacity as payment for services rendered prior to the existence of the partnership.  Thus, plaintiff may properly bring a conversion claim for the $185.42 check that he alleges was improperly converted by the partnership.[1]

## CONCLUSION

For the foregoing reasons, defendants' Motion for Partial Summary Judgment on Count Two (Conversion) is granted in part and denied in part.  A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   June 21, 2013

---

[1] Defendants argue that plaintiff cannot establish a dispute as to a material fact based on his interrogatory answers because they are made only to the "best of" his knowledge. (*See* Defendants' Reply in Support of Their Motion for Partial Summary Judgment on Count Two, June 10, 2013 [ECF No. 105] ("Reply") at 2.)  However, Rule 56 clearly states that a party may establish a genuine dispute as to a material fact by "citing to particular parts of materials in the record including . . . interrogatory answers." Fed. R. Civ. P. 56(c)(1)(A).  Thus, plaintiff's response to interrogatory number 1, in which he discusses the checks made out to him for services rendered prior to September 1, 2010, is sufficient to defeat summary judgment. (*See* Opp'n Ex. A at 1.)

Similarly, the mere fact that plaintiff did not dispute any of the assertions in defendants' Rule 7(h)(1) statement does not establish that defendants are entitled to summary judgment, as those assertions are either immaterial to plaintiff's conversion claim (*see* Reply at 2, ¶¶ 1, 2, 4) or they state legal conclusions that require no response. (*See id.* ¶ 3.)